# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MUHAMMAD YOUNG-GOD,

    Plaintiff,

v.

CHRIS LYOU and MICHAEL GUZY,

    Defendants.

Case No. 3:23-cv-00273-SLG

## SCREENING ORDER

On December 4, 2023, self-represented prisoner Muhammad Young-God ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and a notice of Plaintiff's intent to proceed without counsel.[1] Then, on December 6, 2023, Plaintiff filed a motion to amend his complaint.[2] Plaintiff indicated he intended to bring this action against both defendants in their personal capacities and attached an updated copy of page 2 of the Court's complaint form to replace page 2 in his original filing.[3] On January 4, 2024, Plaintiff filed a notice of his change of address and requested the Court mail the Complaint via first class mail to Douglas Kossler.[4]

---

[1] Dockets 1–4. At Docket 4 is a Notice of Intent to Proceed without Counsel form for a writ of habeas corpus filed under 28 U.S.C. § 2254 indicating Plaintiff intends to represent himself. This civil rights case filed under 42 U.S.C. § 1983 is not a habeas action, and Plaintiff is informed there is no right to court-appointed counsel in a federal civil case.

[2] Docket 6.

[3] *Id.*

[4] Docket 8. Plaintiff states that Mr. Kossler is an attorney with the Special Prosecutions and

While a court may act with leniency towards a self-represented litigant for procedural violations, all litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Although handwritten filings are permitted, they must be legible and be the equivalent of at least 13-point font size with adequate spacing between each line.[5] The Court has tried to interpret the Complaint, but Plaintiff must ensure that any amended complaint or future filing is legible. An amended complaint replaces the prior complaint in its entirety,[6] so a plaintiff cannot update claims or defendants by filing a motion or declaration. In order to amend a complaint, a plaintiff must submit a completely new complaint with all the claims the plaintiff seeks to allege. Additionally, "Notices" requesting action from the Court are not motions and will not be considered.[7] Notices are a type of filing that should be rarely used and only for administrative functions—i.e., to notify the court of a change of address or for an attorney to appear to represent a client.[8] "Notices" that do not comply with the procedural rules cannot be considered and should not be filed. All Court filings

---

Appeals Office for the State of Alaska.

[5] Local Civil Rule 7.5.

[6] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[7] *See* Fed. R. Civ. P. 7(b) ("A request for a court order must ... state with particularity the grounds for seeking the order" and "state the relief sought.").

[8] *See* Local Civil Rule 11.1(b) (mandating self-represented litigants submit notice of a change of address and telephone number); *see also* Local Civil Rule 11.1(a) (instituting procedures for attorneys entering an appearance on behalf of their client).

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 2 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 2 of 14

requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a complaint or motion, with an appropriate caption designating the name of the filing.

For the reasons above, Plaintiff's motion at Docket 6 is denied. However, the Court has screened the Complaint pursuant to 28 U.S.C. § 1915, 1915A, and finds it deficient, but grants Plaintiff leave to file an amended complaint in accordance with the information provided in this order. Should any amended complaint proceed beyond the screening stage, the Court will issue an order directing service on the defendants at that time.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[9] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[10]

---

[9] 28 U.S.C. §§ 1915, 1915A.

[10] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 3 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 3 of 14

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[11] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[12] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[13] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[14] In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[15] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems,

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Id.*

[14] *Id.* (internal citations and quotations omitted).

[15] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 4 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 4 of 14

unless to do so would be futile.[16]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[17]

## DISCUSSION

From what the Court can discern, Plaintiff alleges Defendants violated his due process rights and failed to provide him with appropriate food, bedding, or clothing.[18] For relief, Plaintiff seeks monetary damages and an order clarifying the due process procedures that apply to this matter.[19]

### I.  Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[20]  To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[21]  To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the federal

---

[16] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[17] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[18] Docket 1; Docket 1-2 at 1.

[19] Docket 1 at 7. *See also* Docket 6 (alleging Defendant Guzy personally participated in causing Plaintiff's injury, and Plaintiff is seeking monetary damages).

[20] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 5 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 5 of 14

Constitution or an enforceable right created by federal law.[22]  Section 1983 does not confer constitutional or federal statutory rights.  Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[23]

A defendant in a civil rights lawsuit must be a "person."[24]  A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[25]  A plaintiff must allege that he or she suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[26]

## II.  Due Process

The procedural guarantees of the Fourteenth Amendments' Due Property Clause applies only when a constitutionally protected liberty or property interest is at stake.[27] Prisoners "retain only a narrow range of protected liberty interests."[28]  It

---

[22] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[23] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[24] 42 U.S.C. § 1983.

[25] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[26] *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[27] *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977).

[28] *Chappell v. Mandeville*, 706 F.3d 1052, 1062-63 (9th Cir. 2013) (quoting *Hewitt v. Helms*, 459

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 6 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 6 of 14

is possible that "[a] state may create a liberty interest through statutes, prison regulations, and policies."[29] However, a federal court must grant deference in state prison policies, protocols, and procedures and should be cautious when asked to intervene in the operation of a state prison.[30] A prison disciplinary proceeding is not a criminal prosecution, and therefore "the full panoply of rights due to a [criminal] defendant" do not apply to a prisoner facing a disciplinary action.[31] Instead, a disciplinary proceeding must accommodate both "institutional needs and objectives and the provisions of the Constitution that are of general application."[32]

Plaintiff's Complaint names two Defendants: Superintendent Lyou and Correctional Officer Michael Guzy, both employed at ACC-East. One issue Plaintiff appears to raise in the Complaint is Defendants' handling of the food restriction he was placed on in 2022. Although DOC admits it violated its policy regarding how often Plaintiff's food restrictions should have been reviewed,[33] a violation of a state prison regulation or policy does not, by itself, give rise to a federal

---

U.S. 460, 467 (1983)).

[29] *Chappell*, 706 F.3d at 1063.

[30] *See Beard v. Banks*, 548 U.S. 521, 528-30 (2006); *see also Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

[31] *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

[32] *Id.*

[33] Docket 1-2.

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 7 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 7 of 14

constitutional claim under Section 1983.[34]  Further, Alaska Department of Corrections Policy and Procedure 809.04(III)(H) provides that "[t]he Superintendent's decision, other than for major infractions, is final and the prisoner has 30 days in which to appeal the decision to the Superior Court."[35]  Accordingly, Plaintiff could have sought review of the Superintendent's decision in 2022 with the Alaska Superior Court.  In sum, Plaintiff has failed to state a plausible claim that his federal due process rights were violated by Defendants when he was placed on food restrictions in 2022.

### III. Conditions of Confinement

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'"[36] Conditions of confinement may, consistent with the Constitution, be restrictive and harsh.[37] To prevail on a claim for unconstitutional conditions of confinement, a plaintiff must demonstrate a

---

[34] *See, e.g., Sandin v. Conner,* 515 U.S. 472, 482 (1995) (finding no constitutionally protected liberty interest in prison regulations even when the regulations are phrased in mandatory terms); *Cousins v. Lockyer,* 568 F.3d 1063, 1070 (9th Cir. 2009) (violation of California prison regulations does not "establish a federal constitutional violation").

[35] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notices of the State of Alaska Department of Corrections Policies & Procedures, available on their website at https://doc.alaska.gov/commissioner/policies-procedures (last visited March 27, 2024).

[36] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal citation omitted).

[37] *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc).

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 8 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 8 of 14

deprivation of "the minimal civilized measures of life's necessities."[38] When considering the conditions of confinement, a federal court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment.[39] A federal court should also consider the amount of time to which the prisoner was subjected to the condition.[40] "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise."[41] Further, the Eighth Amendment requires "only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."[42]

As explained above, challenges to disciplinary decisions generally fall under the purview of the state courts. However, punishments that involve dangerous conditions of confinement or deliberate indifference to medical care may be cognizable under the Eighth Amendment for convicted prisoners.[43] But in this case,

---

[38] *Allen v. Sakai,* 48 F.3d 1082, 1084 (9th Cir. 1995) (*citing Farmer v. Brennan,* 511 U.S. 825, 832 (1994)).

[39] *See Toussaint*, 801 F.2d at 1107; *Wright*, 642 F.2d at 1133.

[40] *See Hutto v. Finney*, 437 U.S. 678, 686–87 (1978); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

[41] *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010).

[42] *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

[43] Challenges to the conditions of confinement by pretrial detainees are cognizable under the

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 9 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 9 of 14

the Complaint does not contain sufficient facts to state a plausible claim under the Eighth Amendment. The alleged "finger food" diet challenged by Plaintiff appears to have been implemented as part of DOC's "Full Suicide Protocol" for his own protection.[44] The restriction was removed on August 10, 2022, but reinstated after Plaintiff threatened to break his window and assault a correctional officer with his food tray.[45] Plaintiff does not provide any additional information regarding the alleged "loss of food, bedding and clothing"[46] or claim any physical injury based on these restrictions. Further, the documents attached to the Complaint only list "finger food/bag meals" and "no container" as Plaintiff's restrictions,[47] and do not include any indication he was deprived of bedding, clothing, or placed into a more restrictive housing unit.[48] For these reasons, the Complaint fails to state a claim upon which relief could be granted. However, the Court grants Plaintiff leave to file an amended complaint.

## CONCLUSION

Plaintiff is accorded 60 days from the date of this order to file an amended

---

Fourteenth Amendment, not the Eighth Amendment.

[44] Docket 1-2 at 1.

[45] Docket 1-4 at 1.

[46] Docket 1 at 4.

[47] Dockets 1-4; 1-7; 1-12.

[48] *See, generally,* Dockets 1-1 through 1-10.

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 10 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 10 of 14

complaint.  An amended complaint replaces the prior complaint in its entirety.[49] Any claim not included in the amended complaint will be considered waived. If handwritten, an amended complaint must be legible in dark ink with adequate spacing between each line.  An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  An amended complaint should not contain a narrative.

Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[50]  An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.  An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

**IT IS THEREFORE ORDERED:**

1.Plaintiff's Complaint at Docket 1 is **DISMISSED** for failing to state a claim upon which relief could be granted. The Court grants Plaintiff leave

---

[49] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[50] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 11 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 11 of 14

to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff's motion at Docket 6 is **DENIED as moot.**

3. Plaintiff is accorded **60 days** from the date of this order to file one of the following:

- a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

- b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

5. Plaintiff's application to waive prepayment of the filing fee at Docket 3 is **GRANTED.**

6. Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[51] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an

---

[51] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 12 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 12 of 14

amended complaint, the Court will issue a separate order on the collection of the filing fee.

7. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[52] Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[53] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

---

[52] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms. The Clerks' Office can be reached by phone at (907) 677-6130 or toll-free at (866) 243-3814.

[53] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 13 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 13 of 14

and its effective date.[54] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; and (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 29th day of March, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[54] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Screening Order
Page 14 of 14
Case 3:23-cv-00273-SLG   Document 9   Filed 03/29/24   Page 14 of 14