# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MUHAMMAD YOUNG-GOD,

        Plaintiff,

v.

CHRIS LYOU and MICHAEL GUZY,

        Defendants.

Case No. 3:23-cv-00273-SLG

**ORDER OF DISMISSAL**

On March 29, 2024, the Court issued a Screening Order notifying self-represented prisoner Muhammad Young-God ("Plaintiff") that the Complaint he filed was deficient.[1] The Court mailed the order to Plaintiff at the Anchorage Correctional Center East (ACC East).[2] On April 3, 2024, the Court's order was returned as undeliverable with a label stating that Plaintiff was no longer at ACC East.[3] However, because the publicly available information provided by the Alaska Department of Corrections ("DOC") through Vinelink indicated Plaintiff was still in custody at that facility, the Court resent the order on April 19, 2024, and accorded Plaintiff an additional 30 days to either file an amended complaint or a voluntary

---

[1] Docket 9.

[2] Plaintiff's last filing on January 4, 2024, stated he had been transferred from the Spring Creek Correctional Facility to the Anchorage Correctional Center East. Docket 8.

[3] Docket 10.

dismissal.[4] The order at Docket 11 was not returned as undeliverable, but Plaintiff has not complied with the Court's order or otherwise contacted the Court.

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[5] Having considered these factors, the Courts finds this case should be dismissed, without prejudice, for failure to prosecute this action.

As the Court previously warned Plaintiff, this dismissal will count as a "strike" under 28 U.S.C. § 1915(g).[6] After three strikes, Plaintiff will be unable to file lawsuits without prepaying the filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint.[7]

---

[4] Docket 11.

[5] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[6] *See Harris v. Mangum,* 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a dismissal counts as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint).

[7] *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). *See also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by a federal court).

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Order of Dismissal
Page 2 of 3
Case 3:23-cv-00273-SLG     Document 12     Filed 06/05/24     Page 2 of 3

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g).

3. All pending motions are **DENIED as moot.**

4. The Clerk of Court shall issue a final judgment.

DATED this 5th day of June 2024.

                                        */s/ Sharon L. Gleason*
                                        UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00273-SLG, *Young-God v. Lyou and Guzy*
Order of Dismissal
Page 3 of 3
Case 3:23-cv-00273-SLG   Document 12   Filed 06/05/24   Page 3 of 3